IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALLAN S. MCCAULEY, | ) | 8:09CV38 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (filing no. 1), a Motion for Leave to Proceed in Forma Pauperis ("IFP") (filing no. 2), and a copy of his institutional trust account statement (filing no. 8).

### I. MOTION TO PROCEED IFP

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 fee. 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering Petitioner's financial status as shown in the records of this court, provisional leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the fee at this time.[1]

### II. PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed a Petition for Writ of Habeas Corpus on January 22, 2009. (Filing No. 1). According to his Petition, Petitioner is challenging his July 30, 2007, conviction in the District Court of Holt County, Nebraska, for two counts of Assault in the Third Degree. (*Id*. at CM/ECF p. 1.) Petitioner received a sentence of 60 days imprisonment and a $1,000 fine as a result of the convictions. (*Id*.) It is unclear from

---

[1]The court notes that Petitioner's institution reported an account balance of negative $336.22. (Filing No. 8.) The court presumes that Petitioner's account balance is zero and has proceeded accordingly.

the Petition whether Petitioner has served the sentence or paid the fine.

Petitioner does not identify any respondent(s) in his Petition. He states only that he is being held in the Green County Justice Center in Springfield, Missouri, because of a "Nebraska Copius [sic] Warrant Hold." (*Id*. at CM/ECF p. 4.) Were it not for the Nebraska warrant, Petitioner claims Green County officials would release him on bond. (*Id*. at CM/ECF pp. 3-4.)

The court must conduct an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. However, Petitioner did not identify any respondent(s) in his Petition and his claims are very unclear. Thus, the pending Petition for Writ of Habeas Corpus (filing no. 1) is deemed insufficient and the court will not act upon it. However, on its own motion, the court will grant Petitioner 30 days to amend his Petition using Form AO241, or a similar format. In the Amended Petition, Petitioner must specify the respondent(s), the grounds for relief, the facts supporting each ground, and the relief requested. Failure to comply with this order may result in dismissal of the Petition without further notice.

The court notes that it is not clear from the face of the Petition whether Petitioner is challenging his present physical confinement or some future confinement he may face in Nebraska. (Filing No. 1 at CM/ECF pp. 1-6.) If Petitioner is challenging his present physical confinement, the proper respondent to his petition is the person who has actual custody over him. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005) ("In habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Petitioner should also be aware that under 28 U.S.C. § 2241(a), district courts are limited to granting habeas relief "within their respective jurisdictions," and the Eighth Circuit has similarly limited § 2254's general habeas power. *See Hogan v.*

*State of Iowa*, 952 F.2d 224, 225 (8th Cir. 1991).

       IT IS THEREFORE ORDERED that:

       1.    The Motion for Leave to Proceed in Forma Pauperis (filing no. 2) is provisionally granted and Petitioner will not be required to pay the $5.00 fee at this time.

       2.    The pending Petition for Writ of Habeas Corpus (filing no. 1) is deemed insufficient and the court will not act upon it.

       3.    On or before April 27, 2009, Petitioner must submit a signed Amended Petition for Writ of Habeas Corpus. In the Amended Petition, Petitioner must specify the respondent(s), the grounds for relief, the facts supporting each ground, and the relief requested. Failure to comply with this order may result in dismissal of the Petition without further notice.

       4.    The Clerk of the court is directed to send Petitioner a Form AO241 packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

       5.    The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: April 27, 2009: deadline for Petitioner to submit Amended Petition.

March 25, 2009.                        BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge